IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES FRANCIS GORMAN,

Defendant.

CRIM. NO.: 17-161 (ADC/SCC)

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**

**I.     PROCEDURAL BACKGROUND**

On March 9, 2017, defendant James Francis Gorman was charged in a single-count indictment. On July 10, 2017, the defendant, assisted by the court interpreter, appeared before me and agreed to plead guilty to count one of the indictment. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). Count One charges that the defendant, a person required to register under the Sex Offender Registration an Notification Act, and a sex offender by reason of a conviction under the Commonwealth of Massachusetts State Law, traveled in interstate commerce and id knowingly fail to register or update a registration, in violation of Title 18, United States Code, Section 2250.

1

United States v. Gorman
Crim. No. 17-161 (ADC/SCC)
Report and Recommendation

The defendant was advised of the purpose of the hearing and placed under oath, with instructions that his answers must be truthful or he would subject himself to possible charges of perjury or making a false statement.

## II.    CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving his right to trial by jury.[1] He confirmed that his attorney explained and translated the form, and he was further explained his right to have all proceedings, including the change of plea hearing, conducted by a district judge. To this end, defendant was made to understand the differences between the functions and jurisdiction of magistrate and district judges, and that, if he chose to proceed before a magistrate judge, that the magistrate would hold the hearing and prepare a report and recommendation, which would be subject to review by and the final approval of the district judge. Having heard all of this, the defendant consented to proceed before a magistrate judge.

---

[1] That form, entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty, was signed and consented to by both parties, and is made part of the record.

United States v. Gorman
Crim. No. 17-161 (ADC/SCC)
Report and Recommendation

### III.    PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11 of the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only if it is knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir. 2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" *United States v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an understanding of the charges, and (3) knowledge of the consequences of pleading guilty. *Cotal-Crespo*, 47 F.3d at 4 (citing *United States v. Allard*, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.    Competence to Enter a Guilty Plea

The defendant was questioned about his age, education, employment, history of treatment for mental illness or addiction, use of medication, drugs, or alcohol, and his understanding of the purpose of the hearing. It was confirmed that the defendant received a copy of the indictment and fully discussed the charges with his counsel and was satisfied with the advice and representation he received. The court inquired whether

3

<u>United States v. Gorman</u>
Crim. No. 17-161 (ADC/SCC)
Report and Recommendation

counsel for the defendant or the government had any doubts about the defendant's capacity to plead; neither had any doubts about defendant's competency. Upon hearing the defendant's responses and observing his demeanor, a finding was made that the defendant was competent to plead and was fully aware of the hearing's purpose.

### B.    Maximum Penalties

The defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely, as to count one, a term of imprisonment of up to ten years, a fine not to exceed $250,000.00, and a term of supervised release of up to life. However, Defendant was also informed that a special monetary assessment of $100 would also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of violating its terms.

### C.    Lack of Plea Agreement

There is no plea agreement in this case. Consequently, defendant was made to understand that the presiding judge, at sentencing, may impose any sentence up to the maximum possible penalty prescribed by statute. Additionally, the defendant was

United States v. Gorman
Crim. No. 17-161 (ADC/SCC)
Report and Recommendation

explained that the court, in imposing its sentence, is not bound by the Sentencing

Guidelines, which are advisory.

### D.     Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of

not guilty, and that if he does so persist that he has the right to a speedy and public trial

by jury, or before a judge sitting without a jury if the court and government so agree; that

at trial he would be presumed innocent and the government would have to prove his

guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for

his defense, and if he could not afford an attorney the court would appoint one to

represent him; that at trial he would have the right to hear and cross-examine the

government's witnesses, the right to decline to testify unless he voluntarily elected to do

so, and the right to the issuance of subpoenas or compulsory process to compel the

attendance of witnesses to testify on his behalf. He was further advised that if he decided

not to testify or put on evidence at trial, his failure to do so could not be used against him,

and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant expressed his understanding of these right, and his understanding

United States v. Gorman
Crim. No. 17-161 (ADC/SCC)
Report and Recommendation

that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights the court explained. The defendant's counsel attested that he explained these rights to his client and believed that the defendant understood his explanations. The defendant was also informed that parole has been abolished and that any sentence of imprisonment must be served. Further, defendant was explained that a pre-sentence report would be prepared and considered by the district judge at sentencing. Defendant was admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, including the right to vote, to hold public office, to serve as juror and to possess a firearm. The defendant expressed his understanding of these consequences.

### E.    Factual Basis for the Guilty Plea

The government presented a summary of the basis in fact for the offense charged in count one and the evidence the government had available to establish the defendant's guilt beyond a reasonable doubt, should the case go to trial. The defendant admitted to the essential elements of the offense.

### F.    Voluntariness

The defendant stated that he had not been induced to plead guilty, but, rather, that

United States v. Gorman
Crim. No. 17-161 (ADC/SCC)
Report and Recommendation

he was entering such a plea freely and voluntarily because he is in fact guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea. He acknowledged that no one had made any promises in exchange for his guilty plea. Throughout the hearing, the defendant was able to consult with his attorney.

### IV.    CONCLUSION

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure and entered a plea of guilty as to count one of the indictment. After cautioning and examining the defendant under Rule 11, I find that the defendant, James Francis Gorman, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum penalties it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with the full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to count one of the indictment.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to

United States v. Gorman
Crim. No. 17-161 (ADC/SCC)
Report and Recommendation

appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143,

150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 10th day of July, 2017.

S/ SILVIA CARREÑO-COLL<br>UNITED STATES MAGISTRATE JUDGE