IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
----------------------------------------
                                       :
UNITED STATES OF AMERICA               :
                                       :
            Plaintiff                  :
              v.                       : 3:17-cr-00161-
                                       : ADC-1
                                       :
                                       :
JAMES FRANCIS GORMAN                   :
                                       :
            Defendant                  :
----------------------------------------
```

CHANGE OF PLEA HEARING

Was held Before HONORABLE US MAGISTRATE JUDGE SILVIA

CARRENO-COLL, sitting in San Juan, Puerto Rico, on

July 10, 2017 at 4:38 p.m.

2

1    APPEARANCES:

2

3    FOR THE GOVERNMENT:

4    ELBA GORBEA, SAUSA

5

6    FOR THE DEFENDANT:

7    GIOVANNI CANINO, AFPD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              (The case is called)

2          MS. GORBEA: Good afternoon, Your Honor. The

3    Government is ready to proceed.

4          THE MAGISTRATE: Good afternoon, Ms. Gorbea.

5    All right. Mr. Gorman, I understand that you're fluent

6    in the English language, right?

7          THE DEFENDANT: I am.

8          THE MAGISTRATE: And I also understand that it

9    is your intention this afternoon to plead guilty in this

10   case that you have pending against you.

11         THE DEFENDANT: Yes, ma'am.

12         THE MAGISTRATE: All right, and it's a one

13   count indictment, right?

14         THE DEFENDANT: Yes, ma'am.

15         THE MAGISTRATE: Okay. Is that what you want to

16   do?

17         THE DEFENDANT: Yes, ma'am.

18         THE MAGISTRATE: All right. I'm going to put

19   you under oath.

20              (The defendant was duly sworn)

21         THE MAGISTRATE: All right. You're under oath,

22   Mr. Gorman. You cannot lie because to lie under oath has

23   consequences, which may include perjury charges. Is this

24   clear?

25         THE DEFENDANT: I understand.

1           THE MAGISTRATE: Okay. If at any time during

2     this hearing there's something that you don't understand

3     that you wish that I explain, clarify, just say so. It's

4     fine. You may confer with your lawyer at any time during

5     this hearing as many times as you need, as long as you

6     need. Just make sure that you understand everything that

7     happens here this afternoon. This is --

8           THE DEFENDANT: Thank you.

9           THE MAGISTRATE: -- understood?

10          THE DEFENDANT: Yes, ma'am.

11          THE MAGISTRATE: State your full name.

12          THE DEFENDANT: James Francis Gorman, the IV.

13          THE MAGISTRATE: How old are you?

14          THE DEFENDANT: Forty.

15          THE MAGISTRATE: How far did you go in school?

16          THE DEFENDANT: I have a Bachelor's in

17    Communications from Boston University.

18          THE MAGISTRATE: Okay, and your last job or

19    occupation?

20          THE DEFENDANT: I'm a commercial fisherman.

21          THE MAGISTRATE: Have you been under the care

22    of a any type of doctor recently?

23          THE DEFENDANT: Excuse me. I don't see a

24    physician here at the Guaynabo MDC but I do in

25    Massachusetts and I take a bipolar disorder medication.

1            THE MAGISTRATE: Okay.

2            THE DEFENDANT: I have to take medication for

3    -- I work like fifty hour days so I take, like,

4    medication to sleep.

5            THE MAGISTRATE: Okay, and you haven't been

6    taking this medication since you've been incarcerated?

7            THE DEFENDANT: No. I take all of it.

8            THE MAGISTRATE: Oh, you've --

9            THE DEFENDANT: I do, ma'am.

10           THE MAGISTRATE: Okay. Did you take your last

11   prescribed drugs?

12           THE DEFENDANT: Absolutely.

13           THE MAGISTRATE: And how do you feel right now?

14           THE DEFENDANT: I'm okay, ma'am.

15           THE MAGISTRATE: You're okay?

16           THE DEFENDANT: Yes, ma'am.

17           THE MAGISTRATE: You're not drowsy. You're not

18   confused. You're not disoriented.

19           THE DEFENDANT: I'm drowsy. I've been up since

20   6 o'clock this morning, but I'm okay.

21           THE MAGISTRATE: Okay.

22           THE DEFENDANT: I understand everything that's

23   going on.

24           THE MAGISTRATE: Okay. The reason why I ask you

25   these questions is because I need to make sure that you

6

1    feel well enough to know what's going and that you feel

2    well enough to be able to make a decision in terms of

3    what you want to do and make the decision intelligently

4    and knowingly and voluntarily. Is there anything going

5    on in how you feel right now that may impair that

6    ability?

7            THE DEFENDANT: No. I'm all right.

8            THE MAGISTRATE: Okay.

9            THE DEFENDANT: Thank you.

10           THE MAGISTRATE: In the past twenty-four hours,

11   other than your prescribed medication, any drugs,

12   medications --

13           THE DEFENDANT: No, I'm --

14           THE MAGISTRATE: -- or alcoholic beverages?

15           THE DEFENDANT: No.

16           THE MAGISTRATE: Okay. I need to ask, okay, I

17   need to make sure.

18           THE DEFENDANT: Yes, ma'am.

19           THE MAGISTRATE: You would be surprised of the

20   type of answers I get.

21           THE DEFENDANT: I wouldn't be surprised at all,

22   ma'am.

23           THE MAGISTRATE: I need to make sure.

24           THE DEFENDANT: Yes, ma'am.

25           THE MAGISTRATE: And ever been treated or

1  hospitalized for addiction problems?

2          THE DEFENDANT: No.

3          THE MAGISTRATE: All right. How long have you

4  been diagnosed with bipolar disorder?

5          THE DEFENDANT: Since I was like eleven or

6  twelve.

7          THE MAGISTRATE: Okay, since you were very

8  young. Okay. And do you have a copy of the indictment,

9  the accusation?

10          THE DEFENDANT: I don't have one with me but

11  I've seen it, ma'am, and had an opportunity to review

12  it.

13          THE MAGISTRATE: Okay, and when you were

14  originally arrested, you did receive a copy.

15          THE DEFENDANT: When I came back to Puerto

16  Rico.

17          THE MAGISTRATE: Okay, and have you discussed

18  the charges with Mr. Canino?

19          THE DEFENDANT: Yes, ma'am.

20          THE MAGISTRATE: Do you clearly and fully

21  understand what the accusation is?

22          THE DEFENDANT: I do.

23          THE MAGISTRATE: Okay, and are you satisfied

24  with your legal representation?

25          THE DEFENDANT: Absolutely.

8

1          THE MAGISTRATE: All right. I find the

2   defendant is fully competent. Any concerns, Ms. Gorbea

3   or Mr. Canino?

4          MS. GORBEA: No, Your Honor.

5          MR. CANINO: No.

6          THE MAGISTRATE: I don't have any either. Mr.

7   Gorman seems lucid, oriented, we're effectively

8   communicating. I don't have any reason to doubt he's

9   competent this afternoon so I'm declaring him competent

10  and I'm going on with the hearing.

11      Before I go into the actual substance, I advise you

12  that you have the right to have this hearing before a

13  District Judge.  I am a Magistrate Judge and Magistrate

14  Judges like myself what is called limited jurisdiction.

15         THE DEFENDANT: I understand.

16         THE MAGISTRATE: It means that I have less

17  power than a District Judge. For me to preside over this

18  hearing you would need to agree or consent. If you do,

19  we go on, we finish and at the end of the hearing,

20  again, I make the finding that you're competent, again I

21  make the finding that I think you know what you're doing

22  and you want to do it.

23      Then I issue a Report and Recommendation telling

24  the presiding Judge in your case, Judge Delgado Colón,

25  that your plea should be accepted, but my

1  recommendations may be reviewed by her. Understanding

2  that, do you still wish to proceed before me?

3         THE DEFENDANT: Yes, ma'am.

4         THE MAGISTRATE: Is that why you signed this

5  consent form?

6         THE DEFENDANT: Yes, ma'am.

7         THE MAGISTRATE: Okay, and did you discuss this

8  with your lawyer --

9         THE DEFENDANT: I did.

10         THE MAGISTRATE: -- prior to signing it?

11         THE DEFENDANT: I did.

12         THE MAGISTRATE: Yes, you did?

13         THE DEFENDANT: Yes, ma'am.

14         THE MAGISTRATE: Okay. I'm going to approve it

15  finding that Mr. Gorman is aware of his right to have

16  this hearing before a District Judge but consents to

17  proceed before a Magistrate Judge.

18      Mr. Gorman, has anyone threatened you, has anyone

19  forced you to have you plead this afternoon?

20         THE DEFENDANT: No, ma'am.

21         THE MAGISTRATE: Has anyone offered you

22  anything of value in exchange for your plea?

23         THE DEFENDANT: No, ma'am.

24         THE MAGISTRATE: Do you intend to plead guilty

25  out of your own free will because you are, in fact,

1   guilty of the one count indictment pending against you?

2          THE DEFENDANT: Yes, ma'am.

3          THE MAGISTRATE: Okay. Where were you born?

4   Where were you born?

5          THE DEFENDANT: Chicago.

6          THE MAGISTRATE: That makes you a U.S. citizen

7   and at this time I must advise you that once adjudged

8   guilty of a felony, U.S. citizens are deprived of some

9   rights like your right to vote in a federal election,

10  your right to serve on a Jury, your right to possess a

11  firearm and your right to hold public office. Are you

12  aware of those consequences?

13         THE DEFENDANT: Yes, ma'am.

14         THE MAGISTRATE: Okay. Count 1, the only count

15  in your indictment, which charges with failing to

16  register carries a term of imprisonment of up to --

17         MS. GORBEA: Ten years, Your Honor.

18         THE MAGISTRATE: Thank you. Up to ten years, a

19  fine of up to two hundred and fifty thousand dollars and

20  a term of supervised release that could be for life. Do

21  you understand that?

22         THE DEFENDANT: I do.

23         THE MAGISTRATE: And do you understand that

24  supervised release is time after any term of

25  imprisonment, you're done serving, you're in the free

11

1    community but if you violate any condition, you may be

2    revoked and be sent back to jail.

3              THE DEFENDANT: Yes, ma'am.

4              THE MAGISTRATE: Do you understand also that

5    there's a special monetary assessment of one hundred

6    dollars which has to be assessed? The law so requires.

7    The money goes to a special victim's fund.

8              THE DEFENDANT: Yes, ma'am.

9              THE MAGISTRATE: All right. Mr. Canino, is your

10   client facing other charges, pending cases --

11             MR. CANINO: No, Your Honor.

12             THE MAGISTRATE: -- pending sentences? No. No

13   need to give him any warnings?

14             MR. CANINO: No, ma'am.

15             THE MAGISTRATE: Okay. So we already discussed

16   the maximum penalties provided by law and that's what

17   the law says but there's also the sentencing guidelines

18   and this guide provides for ranges of time to be served

19   as the appropriate sentence.

20        Have you discussed with Mr. Canino the

21   applicability of the sentencing guidelines in your case?

22             THE DEFENDANT: Yes.

23             THE MAGISTRATE: And do you understand they're

24   not mandatory. The Judge may depart because she may

25   impose a sentence that could be more severe or less

12

1    severe.

2              THE DEFENDANT: I understand.

3              THE MAGISTRATE: Okay. There's also the

4    sentencing factors. Factors are found also in the law at

5    18 U.S. Code, Section 3553(a) and they are as follows:

6    The seriousness of the offense, the need for deterrence

7    of criminal conduct, the need to protect the public from

8    further crimes, the need to provide defendants with

9    educational, vocational, medical training or medical

10   care, the need to provide restitution if any specific

11   victim is identified and the Court may take into account

12   any special characteristics on the part of the defendant

13   to be sentenced. Are you clear on the factors?

14             THE DEFENDANT: Yes, ma'am.

15             THE MAGISTRATE: Parole has been abolished in

16   the federal system. If you're sentenced to prison, you

17   will not be released on parole. Is that clear?

18             THE DEFENDANT: Yes, ma'am.

19             THE MAGISTRATE: Do you know that if you go

20   ahead and plead guilty this afternoon, you will be

21   waiving Constitutional Rights that you have?

22             THE DEFENDANT: Yes, ma'am.

23             THE MAGISTRATE: So you do know that you have

24   the right to persist in your plea of not guilty. If you

25   persist in your plea of not guilty, then you go on to

1   exercise your right to go to trial. It will be a speedy,

2   public trial by Jury before a District Judge. It could

3   be without a Jury if both the prosecutor and the Judge

4   agree.

5        At trial you would be presumed innocent -- at trial

6   and throughout all proceedings, you're presumed

7   innocent. The Government has to prove you're guilty

8   beyond a reasonable doubt.

9        At trial you get to see and hear all the witnesses

10  for the Government. Your attorney may cross-examine

11  those witnesses in your defense. If you cannot afford an

12  attorney, one will be assigned to represent you

13  throughout all stages of the proceeding.

14       At trial also you make the decision whether you

15  want to testify or not. If it's your decision not to

16  testify, it cannot be used against you. It's part of

17  your right not to incriminate yourself.

18       Also at trial you can use the power of the Court.

19  It's called the subpoena power of the Court to compel

20  the attendance of witnesses or for the production of any

21  evidence that you can use to defend yourself from the

22  charges and finally, you have the right to have a jury

23  return a unanimous verdict before you could be found

24  guilty or not guilty. Do you understand --

25            THE DEFENDANT: Yes, ma'am.

1          THE MAGISTRATE: -- these Constitutional

2    Rights? All right. If you decide that you do want to

3    exercise your rights and go to trial, as I said before,

4    the Government would need to prove beyond a reasonable

5    doubt each of the elements of the offense charged and

6    support those elements with evidence and the elements

7    are as follows: The Government must show that on or

8    about September 20th of 2016, you were supposed to

9    register and you failed to do so because you have a

10   conviction under the Commonwealth of Massachusetts state

11   law and you knowingly failed to register in the Sex

12   Offender Registration and Notification at registry.  Do

13   you understand the violation of law?

14          THE DEFENDANT: Yes, ma'am.

15          THE MAGISTRATE: And the Government must show

16   that you knew what you were doing and you wanted to do

17   it; that it wasn't an accident that just happened. Is

18   this clear also?

19          THE DEFENDANT: Yes, ma'am.

20          THE MAGISTRATE: All right. That's the factual

21   basis. Ms. Gorbea.

22          MS. GORBEA: Your Honor, in this case if -- the

23   Court asked for the factual basis in this case?

24          THE MAGISTRATE: Yes.

25          MS. GORBEA: If this case would have gone to

1    trial, the United States would have proven beyond a

2    reasonable doubt that on or about February 11, 1997,

3    defendant James Francis Gorman was convicted of indecent

4    assault and battery on a person in relation to Chapter

5    265, Section 13(h) in the state of Boston,

6    Massachusetts.

7        The victim was a fourteen year old female minor.

8    Our review of the Commonwealth of Massachusetts Sex

9    Offender Registration documents revealed that defendant

10    Gorman is a Tier 2 offender and has a twenty year

11    registration requirement.

12        On January 11, 2010, defendant Gorman registered as

13    a sex offender with the Commonwealth of Massachusetts

14    Sex Offender Registry and on January 25, 2010, signed

15    the Commonwealth of Massachusetts Sex Offender

16    Registration change of address and annual registration

17    requirements which advise, among other things, that the

18    person has to notify the Sex Offender Registry Board in

19    writing not less than ten days prior to making any

20    change in residence, employment or attendance at any

21    educational institution and is required to immediately

22    contact and advise of his presence to the appropriate

23    authorities in any other state in which this person

24    locate himself for the purpose of residence, employment,

25    education or vocational training and failing to do so

16

1  may be subject to criminal prosecution.

2      As part of the continuing investigation by the

3  United States Marshal Service, it was found that

4  defendant James Francis Gorman traveled to Puerto Rico

5  on September 20, 2016 to work as a local fisherman. The

6  United States Marshal Service verified all thirteen

7  regions that comprise the Puerto Rico Sex Offender

8  Registry, each of which has stated that James Francis

9  Gorman has not registered as a sex offender with the

10  Puerto Rico authorities.

11      Mr. James Francis Gorman admits that on or about

12  September 20, 2016, in the District of Puerto Rico and

13  elsewhere within the jurisdiction of this Court, he, a

14  person required to register under the Sex Offender

15  Registration and Notification Act and a sex offender by

16  reason of a conviction under the Commonwealth of

17  Massachusetts state law, traveled in interstate commerce

18  and did knowingly fail to register or update a

19  registration in violation of Title 18, United States

20  Code, Section 2250.

21      At trial the United States would have proven beyond

22  a reasonable doubt that the defendant is guilty as

23  charged in Count 1 of the indictment by presenting

24  physical and documentary evidence and the testimony of

25  the United States Marshal Service, the United States

1    Coast Guard officials and officials from the

2    Massachusetts law authorities, among others and

3    discovery has been provided in this case.

4              THE MAGISTRATE: Did you receive this

5    discovery, Mr. Canino?

6              MR. CANINO: Yes, Your Honor, we did.

7              THE MAGISTRATE: Did you discuss it with your

8    client?

9              MR. CANINO: Yes, Your Honor, we did.

10             THE MAGISTRATE: All right. Mr. Gorman, do you

11   admit that on or about September 20, 2016 you were a

12   person that was required to register under the Sex

13   Offender Registration Notification --

14             THE DEFENDANT: Yes.

15             THE MAGISTRATE: -- Act? And do you admit that

16   you failed to do so?

17             THE DEFENDANT: Yes.

18             THE MAGISTRATE: And do you admit that you knew

19   what you were doing?

20             THE DEFENDANT: Yes.

21             THE MAGISTRATE: All right, and being that he

22   has admitted to the essential elements of the offense.

23             MS. GORBEA: Yes, Your Honor, may we approach

24   briefly?

25             THE MAGISTRATE: You may.

1                    (At sidebar)

2           MS. GORBEA: It's just a matter that the Court

3      previously mentioned that the term of supervised release

4      was up to life --

5           THE MAGISTRATE:  You are correct because it

6      involves a minor. In these type of cases there is the

7      possibility –

8           MS. GORBEA: And it's okay. It's just that I

9      was under the impression that it was of not more than

10     three years but I do believe that the Court is correct.

11     It's just that I was just reviewing --

12          THE MAGISTRATE: Mr. Canino.

13          MR. CANINO: Judge, you caught me off guard. I

14     thought --

15          THE MAGISTRATE: Yeah. That's what I was --

16          MR. CANINO: What is the question?  Sorry, Your

17     Honor.

18          MS. GORBEA: So that's okay. Okay, no problem.

19     I agree -- I agree with the Court then. I was just

20     trying to look for the statute but --

21          THE MAGISTRATE: Pardon me. It's always

22     convenient for –

23          MS. GORBEA: Exactly.

24          THE MAGISTRATE: The warnings –

25          MS. GORBEA: Uhum. Exactly. Okay. Thank you,

19

1    Your Honor.

2                  (In open court)

3             THE MAGISTRATE: Anything else?

4             MS. GORBEA: Nothing further from the

5    Government, Your Honor.

6             THE MAGISTRATE: Okay. I believe he has

7    admitted to the essential elements of the offense. Mr.

8    Gorman, how do you plead to the one count indictment?

9             THE DEFENDANT: Guilty, Your Honor.

10            THE MAGISTRATE: All right. I believe that this

11   plea is knowing, it's voluntary and there is a basis

12   that support the elements of the offense. I will issue a

13   Report and Recommendation that a plea of guilty be

14   entered as to the one count indictment pending in

15   Criminal number 17-161, United States of America versus

16   James F. Gorman.

17        Mr. Gorman, there will be a written Pre-Sentence

18   Report. You will be interviewed for the preparation of

19   that report. That document is very important. It will be

20   used by Judge Delgado for sentencing purposes.

21        I'm advising you that you have the right to be

22   assisted by your lawyer while you are interviewed.

23        Mr. Canino will set up the appointment with the

24   Probation Office and the Judge will set -- Delgado Colón

25   will set the date for the sentencing hearing. Thank you.

20

1    Good luck.

2              MS. GORBEA: Thank you, Your Honor.

3              (The hearing ended at 4:55 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    U.S. DISTRICT COURT     )

2    DISTRICT OF PUERTO RICO)

3

4        I certify that this transcript consisting of 21

5    pages is a true and accurate transcription to the best

6    of my ability of the proceedings in this case before the

7    Honorable U.S. Magistrate Judge, Silvia Carreno-Coll, on

8    July 10, 2017.

9

10

11

12    S/Boabdil Vazquetelles

13    Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25